## Morales *v.* Blanco.

### Appeal from the District Court of Humacao.

#### No. 326.—Decided April 20, 1909.

Assignment of Credits—Consent of the Debtor.—Neither article 347 of the Code of Commerce, nor sections 1429 and 1430 of the Civil Code, require the consent of the debtor for the transfer or assignment of credits, it being sufficient merely that he have knowledge of the transfer in order to become obligated to the assignee, and relieve himself by payment to the latter of the obligation contracted with the assignor.

Id.—Notice to Debtor—How Served.—Neither the Code of Commerce nor any special law require, for the validity of transfers of credits not endorsable, any special form or formalities, the general rule established in article 51 of said Code being applicable, according to a decision of the Supreme Court of Spain of October 16, 1896.

The facts are stated in the opinion.

*Mr. Manuel Tous Soto* for appellant.

The respondent did not appear.

Mr. Acting Chief Justice Hernández delivered the opinion of the court.

While a complaint filed in the municipal court of Caguas, by José E. Morales against Jacinto Blanco was pending in the District Court of Humacao for the recovery of a sum of money, the defendant demurred to the complaint on the ground that the facts stated did not constitute a cause of action, because the plaintiff was seeking to recover a credit

which had been assigned to him without stating that the defendant had been notified of the assignment; and the demurrer having been sustained by order of December 13, 1907, the plaintiff filed an amended complaint, containing the following allegations:

"1. That both parties, plaintiff and defendant, reside in the municipal district of Caguas.

"2. That the defendant between August 25 and December 15, 1906, ran an account current with the commercial firm doing business in the town of Aguas Buenas under the firm name of Delgado & Díaz, obtaining under said contract of account current cash and merchandise in different sums which are set forth in the account or statement which the plaintiff alleges he attaches to the complaint and makes a part thereof.

"3. That the account current referred to shows a balance in favor of Delgado & Díaz of $403.25.

"4. That the credits, stock and merchandise of Delgado & Díaz were assigned by sale to the plaintiff who, therefore, is the only owner of the said balance.

"5. That Delgado & Díaz, as well as the plaintiff, duly notified the defendant of the transfer or assignment referred to.

"6. That the credit of $403.25, which represented the account current between Delgado & Díaz and the defendant, had not been paid by the latter either in whole or in part, notwithstanding the demands for payment which had been made on him."

In view of the facts alleged, the plaintiff concluded with the prayer that judgment be rendered against the defendant, adjudging him to pay the sum of $403.25, with the costs of the action.

The defendant upon making answer to the complaint prayed that it be dismissed with the costs against the plaintiff, alleging to this end: That he admits the first statement of fact of the amended complaint and also the second in so far as it relates to the existence of an account current between Delgado & Díaz and the defendant, but denies it in so far as it alleges that the statement of the account current contains the items which the defendant received from Delgado & Díaz in

merchandise, because he did not receive such merchandise, nor did it have the value given it; that he likewise denies on account of lack of information, the transfer of credits to, in the fourth and fifth allegations of fact of the complaint, and absolutely denies that he had been notified of the transfer by the plaintiff or by the commercial firm of Delgado & Díaz; that in opposition to the sixth allegation of fact he alleges that he does not owe Delgado & Díaz anything, or that he owed them anything when said firm made the transfer of credits; that with regard to the account current contract between Delgado & Díaz and the defendant, it was stipulated as a condition that the merchandise should be delivered only on orders of the defendant; and that the commercial firm of Delgado & Díaz is subject to bankruptcy proceedings pending in the District Court of the United States for Porto Rico.

The trial having been held on April 9 of last year, the lower court rendered judgment on June 29 of the same year holding that the facts were in favor of the plaintiff, and consequently ordering that the latter recover from the defendant the sum of $403.25, with the costs, to which end execution was to issue against his property; and the defendant took an appeal from this judgment to this Supreme Court, which is now awaiting decision, the appellant having filed a brief and made an oral argument in support of his rights.

Jacinto Blanco, the appellant, alleges the following as the legal grounds of his appeal:

"1. Violation of article 347 of the Code of Commerce, as the debtor was not notified in due form of the transfer of the credit, the payment of which it is sought to recover, the plaintiff thus having no cause of action, inasmuch as the obligation to the new creditor arises from such notice.

"2. That even on the assumption that the notice had been properly served, as the credit against the defendant assigned by the plaintiff amounted only to $30 according to a statement of the bankrupt, the plaintiff could not now recover a larger amount.

"3. That the instrument of the assignment of credits executed by Isidoro Delgado and Buenaventura Díaz, the only members of the

commercial firm of Delgado & Díaz, in favor of their creditors, and the other document, also of the assignment of the same credits executed by the assignees to the plaintiff, cannot be valid in law, because it has not been established that the property assigned is already free from the bankruptcy proceedings, and because it has not been established either that some of the persons who took part in said documents as the representatives of a number of companies, had such representation.

"4. That Delgado & Díaz having subjected all their property to bankruptcy proceedings in the District Court of the United States for Porto Rico, and as it has not been established that such proceedings. have terminated, the District Court of Humacao is without jurisdiction in this action and José E. Morales cannot substitute therein the referee in bankruptcy."

Let us examine the grounds of the appeal in relation to the facts adduced at the trial:

Neither article 347 of the Code of Commerce nor sections 1429 and 1430 of the Civil Code require the consent of the debtor for the transfer or assignment of credits, it being sufficient merely that he have knowledge of the transfer in order to become obligated to the assignee, and relieve himself by payment to the latter of the obligation contracted with the assignor.

In this case, according to the evidence, Delgado & Díaz by public deed gave in payment to the creditors and the latter accepted the stock of the commercial firm which they had in the town of Aguas Buenas, with the credits in their favor, and subsequently—that is to say, by private document of April 3, 1907—the assignee creditors made like assignment to the plaintiff.

Notice of the assignment made by Deldago & Díaz to their creditors was executed by Ventura Díaz, one of the managing partners of said firm to Jacinto Blanco, as Díaz states in his testimony, and José E. Morales also testified that when the assignees of Delgado & Díaz made the assignment to them, both he and Delgado & Díaz advised Jacinto Blanco of the transaction.

The lower court, in the exercise of its power, weighing the probatory force of the testimony of Ventura Díaz and José E. Morales, held that Jacinto Blanco received notice of the transfer of the credit which it is sought to recover in these proceedings, and no legal reason whatsoever had been advanced in this court to warrant us to reject such finding, because neither the Code of Commerce nor any special law requires, for the validity of transfers of credits not indorsable, any special form or formalities, the general rule established in article 51 of said Code being applicable according to a decision of the Supreme Court of Spain of October 16, 1896.

The defendant, Jacinto Blanco, brought to the trial as evidence, a certificate issued by the referee, Andres Crosas, from which it appears that, according to the inventory filed by the insolvent firm of Delgado & Díaz in the District Court of the United States for Porto Rico, the amount owed by Jacinto Blanco was $30.

We do not wish to enter into a discussion of the legal scope of that certificate as it was not issued by the secretary of the court, because even assuming that in the inventory filed by Delgado & Díaz, Jacinto Blanco appears only as owing the sum of $30, such sum cannot be considered as definite to fix the amount of his debt either in the bankruptcy proceedings or in this litigation, in which both parties, the plaintiff and the defendant, have admitted that the account current of Jacinto Blanco with Delgado & Díaz showed a balance of $403.25 according to the books of said firm, the plaintiff, José E. Morales, having testified that when he went to collect the debt from Blanco, the latter told him that he would pay it, and a number of orders were presented, some signed by Blanco and others not, of which certified copies have not been presented, nor has an extract thereof been included in the statement of facts.

The lower court weighed this evidence as it had a right to do and the appellant has made no allegations against its findings thereon as a whole.

With regard to the documents of assignment of credits by Delgado & Díaz to their creditors and by the latter to the plaintiff, which consist of the public deed and the private document which we have mentioned, the first of these documents was admitted in evidence without any opposition whatsoever on the part of the defendant and without anything being alleged in opposition to the representation of the parties thereto; and although the defendant opposed the admission of the private document, it does not appear that he assigned any reason therefor, which was necessary to permit us to decide against the admission of that evidence.

The record does not contain any certificate issued by the secretary of the United States District Court showing us the status or final result of the bankruptcy proceedings instituted by the firm of Delgado & Díaz and that the property of said firm is subject to the action of that court, the proof of which devolved on the defendant, and, therefore, we have nothing to justify us in holding that the proceedings for the recovery of the credits in favor of Delagdo & Díaz should be instituted in the District Court of the United States by the person having the legal capacity so to do.

The certificate issued by Andres Crosas, the referee, sets forth that on April 5, 1907, he prayed the District Court of the United States for Porto Rico to dismiss the case of Delgado & Díaz, on the ground that the creditors had come to an agreement to accept 25 per cent of all the credits, and that since then he had no official advice of any action in the case, adding that for further information the persons interested would have to address the secretary of said court.

These words reveal the deficiency of said certificate to admit it as a basis for the last ground of the appeal.

For the reasons stated, we are of the opinion that the judgment appealed from should be affirmed, with the costs against the appellant.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Mr. Justice Figueras took no part in the decision of this case.